Dear Mayor McHugh:
Reference is made to your recent request for an opinion of this office regarding the use of a portion of the proceeds of a dedicated 1/2% sales and use tax approved by the voters of the City of Baton Rouge in 1997 for the purposes specified in a tax proposition, the pertinent provisions of which provide:
 "(2) to provide funds (60% of the proceeds of the Tax) (a) for the widening and improvement of existing public roads or streets, including the necessary engineering services, and (b) the construction of new public roads and streets, including the necessary engineering services, such widening and new construction projects more specifically described in the Parish of East Baton Rouge Road and Street Improvements Plan dated March 15, 1997, on a priority basis, within the City of Baton Rouge, the City of Baker, the City of Zachary and the Parish of East Baton Rouge."
According to your letter, the Parish of East Baton Rouge Road and Street Improvements Plan (the "Plan"), which is referred to in the proposition, sets forth specific projects and improvements which must be undertaken, as well as a description of each project or improvement and the manner in it should be undertaken. In particular, you advise that the Plan contains a project description (the "North Boulevard Project") as follows:
 "G. NORTH BOULEVARD (10TH STREET TO 19TH STREET) AP Letter Key: G
 The proposed project consists of reconstructing North Boulevard from 10th Street to 19th Street from a 2-land curb and gutter street to a 4-lane curb and gutter street with improved subsurface drainage and sidewalks. The proposed project includes the construction of an overpass structure over the Kansas City Southern Railroad. Upon completion of this project, North Boulevard will be a continuous east-west 4-lane collector route from Foster Drive (LA. 37 to River Road). Additionally, the construction of the overpass structure will allow unimpeded traffic flow to enter or exit the downtown area, should there be any obstruction due to railroad train traffic. This route will also provide an alternate access route for traffic on Florida Boulevard (U.S. 190) and Government Street (LA. 73)."
Specifically, you have asked this office to advise (1) whether the City/Parish is required to construct the North Boulevard Project and (2) whether the overpass structure specifically referred to in the Plan and described above may be abandoned and the proceeds of the tax be used instead to proceed with a different North Boulevard project to be constructed in a manner other than as specified in the Plan.
Before we address your questions, we must advise that it would be inappropriate for this office to interpret the intent of the City/Parish and its officials as contained in the Plan. We therefore respectfully defer to your advice, as contained in your letter, that the terms of the Plan require the North Boulevard Project be constructed in the manner described in the Plan, as set forth above. We are, of course, happy to provide you with our advice regarding state law applicable to the use of revenues generated by sales and use taxes imposed by vote of the people.
As your letter notes, R.S. 39:704 provides that the proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied. This office has consistently determined that sales and use tax revenues must be used in accordance with the will of the electorate, as set forth in the proposition. Attorney General's Opinions Nos. 98-287, 96-246, 95-145, 94-540, 94-346, 93-424, 93-47 and 92-50.
In Police Jury of the Parish of Acadia v. All Taxpayers, et al.,
(La.App. 3rd Cir. 3/29/95), 653 So.2d 94, rehearing denied, the issue before the court was whether the language in a sales tax proposition which dedicated the proceeds of a tax "for the purpose of paying the costs of constructing, acquiring, improving, maintaining and operating solid waste collection and disposal facilities for the District" was broad enough to enable the Parish to import out-of-parish waste to the Parish landfill. The Court held that, while the tax proposition was silent regarding whether out-of-parish waste can be disposed of at the landfill, it, nevertheless, did not constitute affirmative authority for such activity. In so holding, the Court stated:
 "It is [a] familiar principal that laws authorizing taxation are in derogation of common right; and therefore to be strictly construed. And this is especially true of laws authorizing special taxes. If, therefore, among the enumerated purposes for which a certain special tax is authorized to be levied, a certain particular purpose is not mentioned, the conclusion is inevitable that for this unnamed purpose the tax may not be levied."
Based upon the foregoing, it is the opinion of this office that the sales tax proceeds which are the subject of this opinion can only be used in accordance with the terms "the Parish of East Baton Rouge Road and Street Improvements Plan dated March 15, 1997, on a priority basis", as required by the tax proposition quoted herein. If the Plan is to go forward, and if the Plan requires construction of the North Boulevard Project in a specific manner, then it is our opinion that the proceeds of the tax generated by the proposition referred to herein must be used for construction of the North Boulevard project in the manner described in the Plan.
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can be of assistance in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
DATE RECEIVED: 9/30/98
DATE RELEASED: 10/27/98
JEANNE-MARIE ZERINGUE BARHAMASSISTANT ATTORNEY GENERAL